IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sandra Wilder-Rhodan, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:23-cv-771-BHH |
| v. ) | |
| ) | |
| State of South Carolina, Family Court ) | |
| Judge Nancy C. McLin; Attorney J. ) | |
| Graham Sturgis, Jr.; Atty. Veronica G. ) | **ORDER** |
| Smalls; Vera Simmons; Aness Jenkins; ) | |
| Sarah Rhodan; Kimberly Rhodan; ) | |
| Shacoga Simmons; Dave Friedman; ) | |
| Keller Williams Realty; Wells Fargo ) | |
| Bank; Judge Cely Brigman; Judge ) | |
| Kenneth E. Fulp, Jr.; Judge William J. ) | |
| Wylie, Jr.; Atty Eduardo Curry; Rep. ) | |
| Michael F. Rivers, *House Seat #121*; ) | |
| Ruff & Ruff, Attys at Law, ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court upon Plaintiff Sandra Wilder-Rhodan's ("Plaintiff") *pro se* complaint against the above-named Defendants. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary determinations.

After reviewing Plaintiff's complaint, the Magistrate Judge issued an order on May 5, 2023, directing Plaintiff to file certain documents to bring her case into proper form and giving her time to file an amended complaint. (ECF No. 4.) Plaintiff provided the necessary documents to bring her case into proper form, and on May 25, 2023, Plaintiff filed an amended complaint. (ECF No. 10.)

After reviewing Plaintiff's complaint to ensure that Plaintiff has standing; that subject matter exists; and that the case is not frivolous, the Magistrate Judge issued a Report and

Recommendation ("Report") on August 14, 2023, outlining the issues and recommending that the Court dismiss this action without prejudice, without issuance and service of process, and without further leave to amend.  (ECF No. 12.)

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. Plaintiff filed objections on August 28, 2024, and the matter is ripe for review.  (ECF No. 14.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

In her Report, the Magistrate Judge carefully and liberally outlined Plaintiff's claims, which relate to South Carolina family court and probate court matters, and she first

2

determined that any claims that Plaintiff seeks to asset on behalf of the Estate of George M. Rhodan are subject to dismissal because Plaintiff alleges no facts to indicate that she has the ability to appear for or on behalf of the Estate. Next, the Magistrate Judge found that this Court lacks subject matter jurisdiction, explaining that this Court does not hear "appeals" from state court actions and that the *Rooker-Feldman* doctrine prohibits this Court from sitting in direct review of state court decisions, including both issues actually decided by a state court and those that are inextricably intertwined with questions ruled upon by a state court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983) (a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Davani v. Virginia Dep't. of Transp.*, 434 F.3d 712, 719-720 (4th Cir. 2006). Additionally, the Magistrate Judge noted that, to the extent a state court action remains pending, the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 91 (1971), and its progeny, preclude this Court from interfering with ongoing state court proceedings.

Next, the Magistrate Judge explained that, even if Plaintiff could show that this action is not prohibited as an attempt to appeal state court decisions, Plaintiff's citation to federal criminal statutes does not give rise to federal question jurisdiction because there is no private right of action under these statutes. The Magistrate Judge also concluded that Plaintiff has failed to allege any facts to indicate that the Court has jurisdiction pursuant to Title VII of the Civil Rights Act, and that Plaintiff's invocation of Rule 60(d)(3) of the Federal Rules of Civil Procedure is not appropriate, as this rule applies to judgments in federal court, not state court.

Ultimately, the Magistrate Judge explained that, even if there is jurisdiction for Plaintiff to bring claims for constitutional violations under § 1983, her claims are frivolous and subject to dismissal because: (1) Judges McLin, Brigman, Fulp, and Wylie are entitled to judicial immunity; Defendants Sturgis, Smalls, Curry, and Ruff & Ruff are attorneys and/or law firms and are not state actors for purposes of § 1983; and (3) the remaining private individual and corporate Defendants also are not state actors for purposes of § 1983.

In her objections, Plaintiff first asserts that she has a Sixth Amendment right to the appointment of counsel. (ECF No. 14 at 1.) Plaintiff is mistaken; the Sixth Amendment to the United States Constitution guarantees the rights of *criminal* defendants, and this is a civil suit. Generally, there is no right to appointment of counsel in civil cases, although the Court may, in its discretion, appoint counsel under 28 U.S.C. § 1915(e). After review, however, the Court finds no exceptional circumstances to warrant the appointment of counsel in this case. *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987) ("Under Section 1915(d) a plaintiff does not have an absolute right to appointment of counsel. In the district court a plaintiff must show that his case is one with exceptional circumstances."); *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975) ("[I]t is well settled that in civil actions the appointment of counsel should be allowed only in exceptional cases.").

Next, Plaintiff objects that the dismissal of her case with prejudice is not an appropriate remedy at this stage. (ECF No. 14 at 2.) Importantly, the Magistrate Judge does not recommend that the case be dismissed with prejudice; rather, she recommends that the dismissal be without prejudice because the Court lacks subject matter jurisdiction.

*Platts v. O'Brien*, 691 F. App'x. 774 (4th Cir. 2017) (citing *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands*, LLC, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for . . . [a] defect in subject matter jurisdiction[] must be one without prejudice because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.")).

Plaintiff then spends the next ten pages of her objections rehashing her claims and asserting that the case should proceed.  Importantly, however, nowhere does she specifically object to any of the findings and recommendations in the Magistrate Judge's Report or otherwise demonstrate any reason for this Court to depart from the Magistrate Judge's findings.

In all, the Court finds Plaintiff's objections unavailing.  Additionally, the Court notes that although Plaintiff's non-specific objections do not entitle her to *de novo* review, even after *de novo* review, the Court fully agrees with the Magistrate Judge's thorough analysis.  Accordingly, for the specific reasons set forth by the Magistrate Judge, the Court finds that this Court lacks subject matter jurisdiction and that, even if subject matter jurisdiction did exist, Plaintiff's claims are nevertheless frivolous and subject to dismissal as outlined in the Report.

## **CONCLUSION**

Based on the foregoing, it is hereby ordered that the Magistrate Judge's Report (ECF No. 12) is adopted and specifically incorporated herein; Plaintiff's objections (ECF No. 14) are overruled; and this matter is dismissed without prejudice, without issuance and service of process, and without further leave to amend.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

February 1, 2024
Charleston, South Carolina